JAMES T. R. PROCTOR v. STATE.

The discretion to quash an indictment on motion will not be exercised unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, motion in arrest of judgment or writ of error.

---

On *certiorari* to Hudson Quarter Sessions.

Argued at February Term, 1893, before Justices DEPUE and LIPPINCOTT.

For the prosecutor, *Gilbert Collins.*

The opinion of the court was delivered by

LIPPINCOTT, J.  The defendant was indicted for libel by the grand jury of Hudson county and the indictment was handed down to the Quarter Sessions of that county for trial.

A *certiorari* has been allowed and the indictment removed into this court, and on a motion to quash, the legal sufficiency of the indictment is now questioned.

The indictment charges that the defendant, on the 29th day of October, 1892, " unlawfully and maliciously contriving and intending to vilify and defame Emmet Smith and to bring him into public scandal and disgrace, and him to injure and aggrieve; he, the said Emmet Smith, being then and there city surveyor of said city of Bayonne, an office of trust, honor and emolument, unlawfully and maliciously did compose and publish and cause and procure to be composed and published in a certain newspaper called 'The Bayonne Budget,' printed and published in said city of Bayonne, and having a large circulation in said city, a certain false, scandalous, malicious and defamatory libel of and concerning him, the said Emmet Smith, containing therein, among other things, the false, malicious, defamatory and libelous words and matters following, that is to say:

" 'A movement is being started to thwart the demands of the people for pure water.  Parties are preparing to hold a meeting with a view to whitewash the council.  We call on all the people, whether they be carpenters, laborers, mechanics or brain workers, to come to the rescue.  It is not necessary to be a bank cashier to join this movement.  We ask every person in the city, men, women and children, to aid us in our efforts to bring the bribe takers to justice.  [Meaning thereby that certain persons had accepted bribes to thwart the demands of the people of said city of Bayonne for pure water.]  When certain matters are fully exposed, and the public understand them, our city surveyor, Emmet Smith, will not stand in a very enviable light.  [Meaning thereby that the said Emmet Smith was then and there one of those who had accepted

bribes to thwart the demands of the people of said city of Bayonne for pure water, and was then and there a corrupt and dishonest man, and was then and there an unfaithful official of said city of Bayonne.] "

The counsel for defendant contends that the indictment does not charge an indictable offence. That the words published of and concerning the said Emmet Smith do not necessarily import the meaning given them by the innuendo, and that they could only do so by reason of some prefatory averment of precedent matter, some extrinsic matter to which the innuendo should refer, and that the indictment is barren of such prefatory averment, and therefore should be quashed.

Upon consideration the court has not reached beyond serious question this conclusion urged by the defendant on this motion. It is alleged, in the prefatory averment of the indictment, that the said Emmet Smith is the city surveyor of the city of Bayonne, an office in that city of trust, honor and emolument, and it is a matter of grave question, regarding the whole publication, whether the words published of and concerning Smith do not import the meaning given them by the innuendo, especially when taken in connection with the prefatory averment that he is the city surveyor of the said city.

The publication of any written or printed words respecting any individual, calculated to hold him up to public ridicule, hatred or contempt, constitutes the crime of libel.  *State* v. *Mott,* 16  *Vroom* 494.

It is a matter of discretion whether an indictment shall be quashed in any case. It is not *ex debito justitiæ.  State* v. *Hegeman,* 1 *Green* 314.  Where, for any cause, it is manifest that no judgment can be rendered on the indictment, there is obvious propriety in not putting the defendant to the expense and vexation of a trial, but when the exception is purely technical, in no wise affecting the merits of the controversy, there would seem to be no good reason why the court should exercise its discretionary power in aid of the defendant.  *State* v. *Dayton,* 3 *Zab.* 49.

The general rule is, that courts will refuse to quash unless upon the clearest and plainest ground, but will leave the defendant to a demurrer or motion in arrest of judgment or writ of error. *State* v. *Dayton,* 3 *Zab.* 49; 1 *Salk.* 372; *Com. Dig., tit. "Indictment,"* H.

The motion to quash is denied. The indictment may be sent to the Hudson Quarter Sessions for trial.