STATE OF NEW JERSEY, PROSECUTOR, v. LEON O. HART, DEFENDANT.

Argued June 2, 1915—Decided September 28, 1915.

1. An application by a defendant for a writ of *certiorari* to remove an indictment to the Supreme Court for the purpose of allowing the defendant to make a motion to quash the indictment will be denied unless some special reason is assigned therefor.
2. A motion to quash an indictment should be refused unless it clearly appears upon the face of the indictment that no valid judgment can be rendered upon it. If the validity of the indictment is merely debatable, the motion to quash should be denied.

On application for *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the defendant, *Harlan A. Besson.*

For the state, *George T. Vickers.*

The opinion of the court was delivered by

KALISCH, J. The defendant, together with Alexander E. Kittredge and Ernest L. Erxmeyer, was indicted by the Hudson county grand jury, that he, in conjunction with the individuals named, did willfully and unlawfully counsel, procure, advise, assist and abet Arthur Reich, an election officer, to commit certain offences at a primary election of the Republican party, held in Hoboken for the third district of the First ward, on September 23d, 1913.

A former indictment found against the defendant was quashed upon the ground that it was defective and the present indictment was found against the defendant minus the particular defect that vitiated the former one.

The grounds upon which the writ of *certiorari* is sought are—*first,* that the indictment charges no criminal offence, in that the laws which provide for the punishment of fraudulently misreading, calling off, canvassing, counting, tallying,

estimating, returning of ballots, &c., apply solely to a general and not a primary election.

*Second.* That the indictment is bad because of duplicity in charging the offence.

No special reason has been shown by the defendant why the indictment should be removed to this court for the purpose of permitting him to make the motion to quash here.

The common and adopted practice in this state appears to be to allow a writ of *certiorari* upon the application of the attorney-general or prosecutor of the pleas without any special reason being assigned therefor; but where the application is made on behalf of a defendant some special reason for allowing the writ must appear. *State* v. *Zabriskie, 43 N. J. L.* 369; affirmed in Court of Errors and Appeals, *Id.* 640; *State* v. *New Jersey Jockey Club, 52 Id.* 493. For example, that there was objection to the trial judge on the ground of bias, interest, or the like; or for matters *dehors* the indictment but affecting the validity of the indictment; or where a change of venue was sought for the reason that a fair trial could not be had in the county where the indictment was pending, or for the purpose of a motion to quash where the trial judge or prosecutor consents that it be removed, or where a motion to quash has been made in the court where the indictment was found or to be tried and the motion is refused, though it clearly appears that the indictment should have been quashed; or where on such motion the trial court desires the opinion of the Supreme Court, as in the case of *State* v. *Hageman, 13 Id.* 314, where Wood for the defendant moved the Court of Oyer and Terminer to quash the indictment against the defendant, and was proceeding with his argument when the court suggested the propriety of submitting the questions involved to the Supreme Court in order to obtain their opinion. Acting upon the suggestion of the court, Wood subsequently moved the Supreme Court to quash the indictment.

This is not intended as a complete summary of grounds upon which the removal of an indictment before trial rests, but merely as illustrative of the nature of the grounds which

moved the courts to grant the writ. In the absence of such special grounds the normal method of procedure is to make the motion in the court in which the indictment was found.

The defendant's legal rights can be fully preserved if that court should refuse to quash the indictment. The fact that no such motion was made in the present case is not the sole ground supporting the conclusion we have arrived at upon the application made here.

Apart from this, however, we reach the result that the indictment in question should not be brought to this court in advance of trial.

In *State* v. *Beard,* 25 *N. J. L.* 384, the indictment was removed from the Hudson Oyer and Terminer into the Supreme Court, and Chief Justice Green, in rendering an opinion, quashing the indictment, said: "It is in all cases a matter of discretion whether the court will quash an indictment, but where it is manifest that no judgment can be rendered upon the indictment, the motion to quash will be allowed. *State* v. *Dayton,* 23 *Id.* 53."

It was in this cited case where the same learned Chief Justice (on *p.* 53), enlarging upon the topic under discussion, said: "Where the facts charged in the indictment clearly constitute no crime; where the court in which the indictment is found have no jurisdiction of the offence; where it appears upon the face of the indictment that the prosecution is barred by lapse of time, or where, for any cause, it is manifest that no judgment can be rendered on the indictment, there is obvious propriety in not putting the defendant to the expense and vexation of a trial."

Since the court will refuse to quash an indictment unless it clearly appears upon the face of the indictment that no valid judgment can be rendered upon it, the common and adopted practice is to deny the writ, unless it clearly appears that the objections urged against the validity of the indictment are of such a substantial nature as will probably lead to the quashing of the same. If the validity of the indictment is merely debatable, the better practice appears to be to deny the application, and such will be the order.