THE STATE OF NEW JERSEY, PROSECUTOR, v. ROBERT B. DAVIDSON, JUDGE OF THE PASSAIC COUNTY COURT OF QUARTER SESSIONS, RESPONDENT.

Argued January 21, 1936—Decided April 14, 1936.

Before Justices CASE and BODINE.

For the state, *David T. Wilentz,* attorney-general, *Louis J. Cohen,* assistant attorney-general, and *Arthur C. Dunn,* prosecutor of the Pleas of Passaic county.

For Thomas D. Saxe, *Samuel Hilfman.*

For Alexander Laiks, *Aaron Heller.*

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up the action of Judge Davidson of the Passaic Quarter Sessions in quashing certain indictments returned to the Passaic Oyer and Terminer charging Thomas D. Saxe and Alexander Laiks with engaging in the insurance business in the city of Passaic without the requisite license. The indictments ground in section 88 of an act entitled "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state," chapter 134, *Pamph. L.* 1902, *p.* 445, as amended by chapter 221, *Pamph. L.* 1928. The only specific dates named in the indictments were March 16th, 1933, against one defendant and May 13th, 1933, against the other.

It is first alleged on behalf of the prosecutor of the writ that the court had no legal right to hear the motion to quash the indictments for the reason that a like motion had already been made before the senior judge of the same court and was undecided at the time the present motion to quash was made and granted. The argument in the briefs *pro* and *con* on this point involves many assertions not to be found in the record and therefore improperly advanced. It does appear from the Quarter Sessions docket returned with the writ that on February 25th, 1935, the indictments were set for trial on the following March 11th; that on the latter date, Judge Delaney sitting, the defendants withdrew their pleas of not guilty and moved to quash the indictments, and that the trial was put off for two weeks, briefs on the question to come in. Judge Delaney was the senior judge and, when sitting with his associate, was the president judge, but there seems to be no distinction in the powers of the two judges, because both sitting together or either sitting separately "constitute and may hold * * * the Court of Quarter Sessions." *Pamph. L.* 1929, *ch.* 18. The record shows no disposition of that motion, and it is conceded that there was none. The next entries in the docket show that on June 3d, Judge Davidson sitting, the defendants again withdrew their pleas of not guilty and moved to quash the indictments

and that on June 27th Judge Davidson, again sitting in the Sessions, granted the motions. At that time the statute of limitations had run as to the dates specified in the indictments. It is asserted by the respondents without contradiction that the prosecutor of the pleas, with his witnesses in court ready to proceed and notwithstanding the earlier pending motions, moved the trial of the indictments before Judge Davidson and that it was in this status of the case that the motions to quash were renewed. In such a posture we see no irregularity either in the making or in the hearing of the second set of motions.

It is next submitted on behalf of the prosecution that the quashing of the two indictments under review was clearly an abuse of legal discretion and in violation of the settled principle of law applicable thereto.

Defendants, as we have said, were indicted under section 88 of the Insurance act for engaging in the insurance business in this state without a license. That section as it originally stood carried no separate procedure or penalty. It came within the purview of section 89 which provided that the penalty for each violation of the act, except the failure of a company to file an annual statement, should be $500 and costs of suit, the collection of the penalties to be by the commissioner of banking and insurance in an action as for debt and the funds, when collected, to be paid by the commissioner to certain firemen's relief associations. But section 88 was amended, chapter 221, *Pamph. L.* 1928, *p.* 396, by the addition of the words "Any person, firm or company violating any of the provisions of this section shall be guilty of a misdemeanor," and the indictments rest thereon. In the year 1931, chapter 109 of the Pamphlet Laws of that year, section 89 was amended by the omission of a few words so as to affect the distribution, in certain contingencies, of the funds collected. Except for the omission of those few words the section was re-enacted precisely as it had theretofore been. It may well be doubted whether the legislature intended to do more than to reach the results directly accomplished by the omissions; but upon this we pass no further than to

emphasize the doubt. The question put to the Quarter Sessions was whether the action of the 1931 legislature in re-enacting section 89 with the mentioned changes served to repeal the misdemeanor feature of section 88 and to leave violations of the last named section subject only to action for penalties under section 89. Putting the matter in the light most favorable to the defendants, there was presented an arguable question of statutory construction.

The granting of a motion to quash is a matter of discretion and does not form ground for a writ of error (*State* v. *Riggs,* 92 *N. J. L.* 575), or, indeed, for review by *certiorari* unless it be manifest that the judicial discretion was used capriciously in violation of settled legal principles. *State* v. *Potter,* 83 *Id.* 428; *affirmed,* 85 *Id.* 388. "Capriciously" as thus used has the significance of "arbitrarily." *State* v. *Then,* 114 *Id.* 413. The rule is that the discretion to quash an indictment will not be exercised unless upon the clearest and plainest ground, but the defendant will be left to a demurrer, motion in arrest of judgment or writ of error. *State* v. *Sweeten,* 83 *Id.* 364; *Proctor* v. *State,* 55 *Id.* 472; *State* v. *Johnson,* 82 *Id.* 330; especially where the statute has run. *State* v. *Acton,* 9 *N. J. Mis. R.* 55; *State* v. *Tilton,* 104 *N. J. L.* 268. Thus, where there is a dispute over the constitutionality of a statute in which an indictment grounds and the question allows fair ground for difference of opinion, a motion to quash should not be decided adversely to the state. *State* v. *Ham,* 65 *Id.* 464. The Supreme Court has repeatedly declined to exercise its discretion affirmatively on the quashing of an indictment where injustice might be done thereby to the state and where the refusal to exercise it deprives the defendants of no substantial rights, since the question can be later and otherwise presented. *State* v. *Lehigh Valley Railroad Co.,* 90 *Id.* 372. That principle of law which the Supreme Court has set up for its own guidance applies with quite as much force to the Sessions.

An affirmative answer to the question placed before the Quarter Sessions was by no means clear and plain. The construction of a statute in such an instance is not properly

a matter of judicial discretion. We think that the court undertook arbitrarily to settle adversely to the state, on motion to quash, a question which was not finally within the realm of discretion and which was not, under our practice, the proper subject of that motion. The state should not be thus prejudiced by a determination from which there is no appeal. If the defendants desire to raise the question of statutory repeal by implication, they will do so in accordance with the recognized practice.

The quashing of the indictments will be set aside and the indictments returned to the Passaic Quarter Sessions to be there proceeded with according to law; without costs.