STATE OF NEW JERSEY, RESPONDENT, v. DORIS BRAD-
WAY ET AL., MAYOR AND COMMISSIONERS OF THE
CITY OF WILDWOOD, PROSECUTORS.

Submitted October 6, 1936—Decided March 16, 1937.

Before Justices PARKER and LLOYD.

For the prosecutors, *Harry Tenenbaum* and *William Herda
Smith*.

For the state, *French B. Loveland,* prosecutor of the Pleas,
and *Joseph Lanigan,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J. This writ of *certiorari* brings before us for
consideration two indictments found by the grand jury of
Cape May county at the April term, 1935, charging the prose-
cutors, as municipal officials, with incurring obligations in
excess of appropriations in violation of section 31 of the
Crimes act. *Comp. Stat., p.* 1754. The question is as to the
validity of these indictments as properly charging the viola-
tion of this statute.

The first indictment, called by counsel the "General Indictment," charges that the prosecutors "on or about the 14th day of November in the year of our Lord one thousand nine hundred and thirty-three (1933) at Wildwood in the County of Cape May aforesaid, and within the jurisdiction of this Court, being then and there members of the Board of Commissioners of the City of Wildwood, New Jersey, and constituting the entire membership of said Board, did incur obligations in excess of the appropriation of said Board of Commissioners for all purposes of said City of Wildwood for the year 1933; and thereafter, and between said fourteenth day of November, 1933, and the thirty-first day of December, 1933, did incur obligations and expenditures of said City of Wildwood which were over and above and in excess of the appropriation of said Board of Commissioners for all purposes of said City of Wildwood for the year 1933, in the amount of thirty-four thousand nine hundred twenty-one dollars, ninety-eight cents ($34,921.98)."

The second indictment, called by counsel for convenience the "lighting indictment," charges that the same prosecutors "on the fourteenth day of November in the year of our Lord one thousand nine hundred and thirty-three (1933) at Wildwood, in the county of Cape May aforesaid, and within the jurisdiction of this Court, being then and there members of the Board of Commissioners of the City of Wildwood, New Jersey, and constituting the entire membership of said Board, having theretofore fixed by ordinance the sum of Eighteen thousand ($18,000) Dollars to be the lighting appropriation for said City for the year 1933, and having incurred obligations against said appropriation in the sum of Fifteen thousand, one hundred and fifty-three dollars, sixty cents ($15,153.60) and in which appropriation it did not appear that there would be any surplus at the end of said year of 1933, did vote for and cause to be passed at an official meeting of said Board, a resolution by the terms of which the sum of Ten thousand six hundred ($10,600) was transferred from said lighting appropriation to the following appropriations: Advertising and publicity, Beach, Fire, Legal

Expense, Life-Guards, Parks and Playgrounds, Printing, Stationery and postage, Salary, Sanitation and Health, Assessment and collection of taxes, and Redemption of school bonds; and thereby did incur obligations amounting to $7,753.60 in excess of the appropriation for the lighting purposes of said Board of Commissioners; and thereafter, and between said fourteenth day of November, 1933, and the thirty-first day of December, 1933, during which period there was no money or balance in any appropriation of said City which could be used for, transferred or applied to said appropriation for lighting, did incur (expenditures) for lighting purposes in the sum of Two thousand, three hundred thirty dollars, twenty-five cents ($2,230.25) which sum was an incurred obligation of said City of Wildwood for lighting purposes, in excess of the appropriation therefor."

We are clear that the first or general indictment must be quashed as not specifying any particular acts committed by the prosecutors. As was said by the late Mr. Justice Van Syckel in *State* v. *Halsted,* 39 *N. J. L.* 402 (at *p.* 411), while it is generally sufficient in indictments for misdemeanors created by statute, to charge the offense in the words of the statute, this is always subject to the qualification that the crime must be set forth with clearness and all necessary certainty, to apprise the party accused of the offense with which he stands charged; and that "it would not suffice to allege, in the general words of the statute, that the defendants did incur an obligation in excess of the appropriation; the particular act which constitutes such disregard of the statutory provision must be disclosed." So also in *State* v. *Brom,* 78 *Id.* 222, in which the Halsted case was cited and followed, the late Mr. Justice Bergen said (at *p.* 224), "the indictment should set out some facts showing which appropriation was exceeded, or that the payment could not properly be made because not within any of the purposes provided for."

The general indictment clearly fails to state the necessary facts constituting the alleged breach of the statute and, consequently, must be quashed.

Turning to the lighting indictment, we consider that while it is open to criticism, the objections to it are not so weighty as to require this court, in the exercise of a sound discretion, to quash it, particularly as the statute of limitations has run and the defendants would thereby become immune to further prosecution. That discretion will not be exercised in favor of quashing unless on the clearest and plainest ground, but defendants will be left to a demurrer, motion in arrest of judgment,. or writ of error. *Proctor* v. *State,* 55 *N. J. L.* 472. As to the second, or "lighting" indictment, therefore, the application to quash it will be denied.