STATE OF NEW JERSEY, PLAINTIFF, v. JOHN BOYLE, JOSEPH L. MURRAY, VINCENT J. NASTASI, Jr., AND JOHN J. NASTASI, DEFENDANTS.

Submitted May 4, 1948—Decided September 1, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the State of New Jersey, *Edward Cohn*, Prosecutor of the Pleas, and *H. Russell Morss, Jr.*, First Assistant Prosecutor.

For the defendant John Boyle, *John F. Ryan.*

For the defendants Joseph L. Murray, Vincent J. Nastasi, Jr., and John J. Nastasi, *Harold Simandl.*

The opinion of the court was delivered by

EASTWOOD, J. The above-named defendants, John Boyle, Joseph L. Murray, Vincent J. Nastasi, Jr., and John J. Nastasi, have applied to the court *en banc* for a writ of *certiorari* to remove into the Supreme Court an indictment returned against them by the grand jury of Union County at the January term, 1947, charging them with conspiracy. The indictment charges the defendants in the following language:

"Present that John Boyle, Joseph L. Murray, Vincent J. Nastasi, Junior, and John J. Nastasi, late of the City of Elizabeth, in the County of Union between the fifteenth day of September, in the year of our Lord, one thousand nine hundred and forty-six, and the thirtieth day of November, in the year of our Lord, one thousand nine hundred and forty-six at the City of Elizabeth in the County of Union and within the jurisdiction of this Court unlawfully and corruptly did conspire, combine, confederate and agree together to maintain for gambling purposes the premises at six hundred and five

Elizabeth Avenue, in the City of Elizabeth, County of Union and State of New Jersey, contrary to the form of the statute in such case made and provided, and against the peace of this State, the government and dignity of the same."

The indictment then sets forth an overt act in furtherance of the alleged conspiracy on October 4th, 1946, at No. 605 Elizabeth Avenue, Elizabeth, New Jersey. The application for the writ sets forth three reasons why the indictment should be quashed, and are succinctly stated in the brief submitted on behalf of defendants as follows:

"(a) The indictment does not inform the defendants of the nature and cause of the accusation, in violation of the Constitution of the State of New Jersey;

"(b) The indictment fails to charge the defendants with any violation of the laws of the State of New Jersey or with the commission of any crime against the laws of the State of New Jersey.

"(c) The indictment is too vague, uncertain and indefinite, and fails to particularly inform the defendants of the nature and cause of the accusation, so that the defendants are unable to adequately prepare for trial."

A motion to quash said indictment was heretofore made to Honorable Walter L. Hetfield, III, Judge of the Court of Quarter Sessions for the County of Union, after the petitioners had withdrawn their plea of "not guilty" previously entered. Judge Hetfield denied the motion.

We have carefully considered the briefs of counsel and conclude that the allowance of a writ of *certiorari* at this stage of the proceedings is not the proper course to pursue. In this connection it will not be amiss to quote the rather pertinent language used by Mr. Justice Kalisch, speaking for the Supreme Court in *State* v. *Bolitho,* 103 *N. J. L.* 246: 136 *Atl. Rep.* 164, 169; affirmed in 104 *N. J. L.* 446; 146 *Atl. Rep.* 927, wherein he discussed the removal of indictments by writ of *certiorari* into the Supreme Court, as follows:

"An application to a Supreme Court Justice for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving before that tribunal to quash is

addressed to the discretion of the justice. If he refuses to exercise his discretion to allow the writ, the application may be made to the Supreme Court *en banc*. But the refusal of either furnishes no proper basis for an assignment of error, under proceedings by strict writ of error nor for a specification of cause for reversal in proceedings under the one hundred and thirty-sixth section of the Criminal Procedure Act. It will not be out of place to state here that for more than fifty years it was the fixed practice to disallow an application for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving there to quash it, unless the prosecutor of the pleas consented to its removal, or unless it appeared upon the face of the indictment that it was clearly defective in substance and a motion to quash had been made in the court of the first instance, which motion was denied.

"It is evident that such a course avoids delay in the trial of criminal cases, without depriving a defendant of any legal right he may have to question the validity of the indictment against him, on the trial and upon appeal, of course, if he pursues the practice which obtains in that respect."

We are not unmindful of the fact that application to quash the indictment has been made to and denied by Judge Hetfield. We are of the opinion that the indictment on its face is not clearly defective in substance and there is not a debatable question as to the validity of said indictment.

The denial of the application will not deprive the applicants of any legal rights they may have, and which they may assert at the trial and upon appeal, if they pursue the practice applicable thereto. Such a course will not unnecessarily impede or delay the trial of these defendants under said indictment.

The application is denied, without costs.