9 N.J. Super. 43 (1950)
74 A.2d 613
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK WALSH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1950.
Decided July 19, 1950.
*44 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Joseph Butt argued the cause for appellant.
Mr. H. Russell Morss, Jr., First Assistant Prosecutor, argued the cause for respondent (Mr. Edward Cohn, Union County Prosecutor, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Defendant appeals from a judgment of conviction entered in the Union County Court after *45 a jury trial, on an indictment charging that he "did knowingly have in his possession a jimmy, a tool and implement adapted and designed for cutting through, forcing and breaking open any building, room, vault, safe or other depository in order to steal therefrom any money and other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use and employ and allow the same to be used and employed for the purpose aforesaid, contrary to the provisions of R.S. 2:115-5 * * *." The defendant contends that the court below erred in refusing to grant his motion for judgment of acquittal for failure of proof of the required criminal intent.
The two police officers who made the arrest testified for the State and the defendant did not take the stand. The officers testified that on the evening of April 23, 1949, they were on special scout duty in North Elizabeth, because a number of burglaries had occurred in that area. At 7:50 P.M. they saw the defendant, who was wearing dark clothes, walking on the sidewalk of Riverside Drive in North Elizabeth. There are about fifteen to twenty houses on Riverside Drive and the neighborhood is secluded. The officers drove up alongside the defendant and one asked him where Algonquin Place was. He told them two or three blocks down the road, which was correct. They then asked him who he was, where he was going and what he was doing there, but defendant refused to answer any further questions. They searched him and found in an outside pocket of his overcoat two cotton gloves, a jimmy inside one of the gloves, a small flashlight and a small mirror. They also found a slip of paper with certain numbers on it, which one of the witnesses identified as catalog numbers for a Kinney-Bead revolver, a receipt for a room in Mills Hotel No. 3, a New York hotel, and three one hundred dollar bills, together with other bills and change, amounting in all to $369.42. They arrested him and took him to the police station, where he was identified by the desk lieutenant as Frank Walsh. On this testimony the State rested and the defendant then moved for judgment of acquittal.
*46 The defendant was indicted for violation of R.S. 2:115-5, which provides:
"Any person who shall manufacture, or knowingly have in his possession any engine, machine, tool or implement adapted or designed for cutting through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted or designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for the purpose aforesaid, shall be guilty of a high misdemeanor."
An essential element of the crime is the intent to use or employ the tool or implement, or to allow the same to be used or employed for cutting through, forcing or breaking open any building, room, etc., in order to steal therefrom any money or property. When specific intent is an essential element of the crime charged, the burden is on the State to prove such intent. This burden may be met by direct proof or by circumstantial evidence. Underhill, Criminal Evidence, § 54 (4th Ed. 1935); 22 C.J.S., Criminal Law, § 568; 14 Am. Jur., Criminal Law, § 24, n. 19. There must be proof, at least, of some circumstance or circumstances, in addition to the proof of the possession of the tool itself, from which the jury could draw a legitimate inference of the required intent. Here there was neither direct proof nor proof of any such circumstance or circumstances. Cf. 103 A.L.R. 1313, 1316.
The judgment is reversed.