22 N.J. Super. 224 (1952)
91 A.2d 766
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT SIEGLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided October 17, 1952.
*225 Before Judges FREUND, STANTON and CONLON.
*226 Mr. Herman L. Fast argued the cause for the defendant-appellant (Messrs. Fast & Fast, attorneys).
Mr. Joseph A. Hayden argued the cause for the plaintiff-respondent (Mr. Edward Gaulkin, Essex County Prosecutor, attorney).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
Albert Siegler appeals from a conviction for false swearing in an affidavit of title executed in connection with a mortgage loan, in violation of R.S. 2:157-4.
On August 24, 1950 the defendant entered into a written contract with Constant A. Dunay and Helen M. Dunay, whereby he agreed to sell and convey, free of all encumbrances, premises No. 2723 North Wood Avenue, in Linden, New Jersey, upon which he was to construct a 1 1/2-story house for the sum of $14,000, to be paid at various stages of construction. Title was to be closed on December 1, 1950, but was not. By that time, however, the Dunays had paid $10,000 on account of the purchase price and had, through Siegler, applied for a $4,000 mortgage from the First Federal Savings and Loan Association of Montclair.
On January 26, 1951 Siegler executed and delivered to the same financial institution a bond secured by a mortgage for $9,000 on the premises in question. At the closing, Siegler, at the request of the mortgagee, executed an affidavit of title, in which no reference was made to the contract with the Dunays, although it was at that time still in full force and effect. The affidavit, inter alia, states:
"Albert Siegler, being duly sworn, says * * * no person has any contract for the purchase of, or claim to or against, said premises, except as hereinafter stated; and that the same are now free and clear. * * *
EXCEPTING * * *
Deponent makes this affidavit to induce First Fed. Sav. & Loan Asso. of Mtc to accept a mortgage of said premises and pay the consideration therefor, knowing that it relies upon the truth of the statements herein contained."
*227 In the body of the affidavit, the space following the word "EXCEPTING" was left blank. The jurat reads: "Sworn to before me at Montclair, N.J., this 26th day of January, 1951, C.N. Macknet, An Attorney at Law of New Jersey."
The appellant first argues that the element of willfulness on his part was not proved. It is well established that the burden of proof is upon the State to prove the statutory requirements, but not necessarily by direct evidence; it may be by proof of such circumstances and conduct as would entitle the jury to infer beyond a reasonable doubt that the defendant willfully swore falsely. State v. Collins, 63 N.J.L. 316, 321 (E. & A. 1899); State v. Walsh, 9 N.J. Super. 43, 46 (App. Div. 1950).
The statute, R.S. 2:157-8, defines willfulness as follows:
"* * * Willful shall, for the purposes of this article, be understood to mean intentional and knowing the same to be false."
The proofs show that at the mortgage closing Mr. Macknet, the mortgagee's attorney, handed the affidavit to Siegler for his signature and that he signed it. Mr. Macknet testified that after taking Siegler's oath he subscribed his name beneath the jurat. The affidavit was received in evidence without objection. The defendant admitted signing it, but charges that it was not read to him, although he fails to cite any authority for the proposition that the swearing officer has such an obligation.
In this instance, the affidavit, regular in form and execution, contains the express statement "no person has any contract for the purchase of * * * said premises * * * EXCEPTING" and after the word "EXCEPTING" there is no insertion  the space remained blank, implying that there were no exceptions or qualifications to the express statement. A signature to a sworn document imputes to the affiant knowledge of its contents even though it may not have been read by or to him. State v. McBarron, 66 N.J.L. 680 (E. & A. 1901); State v. Bartell, 15 N.J. Super. 450, 459 (App. Div. 1951). Siegler had been in the building business *228 for 30 years and had attended many title and mortgage closings; he was not a stranger to an affidavit of title. He knew, or should have known, that it is a sworn instrument. With knowledge of his contract with the Dunays and receipt of $10,000 on account of the purchase price of $14,000, he was encumbering the premises with a mortgage of $9,000. His failure to disclose the contract in the affidavit cannot be construed as anything but deliberate and, hence, willfully false swearing. State v. Harris, 132 N.J.L. 54 (Sup. Ct. 1944).
The appellant next argues that the fact that the space after the word "EXCEPTING" remained blank rendered the affidavit incomplete. The jury had a right to infer that the absence of any insertion completed the affidavit and that the defendant intended thereby to make the representation that there were no exceptions to the averment.
The appellant also argues that the State had to prove that he was sworn before there could be a conviction. The jurat states "sworn to before me" and is signed by a member of the bar of this State. Further, Mr. Macknet testified that he handed the affidavit to Siegler who signed it in his presence and that, after taking the oath of the defendant, he subscribed his name as the officer taking the oath. It is significant that the defendant does not allege that he was not sworn, nor is there any testimony to that effect. Indeed, the defendant voluntarily signed the affidavit which stated in its opening line, "Albert Siegler, being duly sworn * * *."
The appellant's contention that his cross-examination exceeded legitimate bounds is without merit. Even though in a criminal proceeding the rule is that the extent of a defendant's cross-examination is not strictly limited to matters brought out on direct examination, but within the bounds of pertinency rests entirely in judicial discretion, State v. Grover, 104 N.J.L. 10, (Sup. Ct. 1927); here the cross-examination was in general upon matters previously introduced. In our opinion, no evidence was admitted which might have prejudiced the jury. State v. Dietz, *229 5 N.J. Super. 222 (App. Div. 1949); State v. Bartell, supra.
Finally, the defendant argues that his motion for dismissal both at the end of the State's case and of the entire case should have been granted in that the State made no effort to prove willful false swearing and that no facts were proven which implied knowledge of the contents of the affidavit. At the conclusion of the State's case, both the Dunay contract and the affidavit of title had been admitted into evidence, and Mr. Macknet had testified that he had taken Siegler's oath. In this posture of the case, it was for the jury to determine whether or not Siegler had willfully sworn falsely. Such a state of the proofs might have been successfully overcome if the defendant had offered convincing contrary evidence, but instead he introduced such testimony as that, because he subsequently conveyed title to the Dunays, they were not harmed by his encumbering the property  a later development entirely immaterial to the narrow issue of his guilt or innocence of willfully false swearing. At the close of the entire case, the factual issue was properly submitted to the jury, and its verdict is amply supported by the evidence. State v. Harris, supra.
Affirmed.