29 N.J. Super. 236 (1953)
102 A.2d 398
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD L. PETERMAN, ET AL., DEFENDANTS-PETITIONERS.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1953.
Decided December 4, 1953.
Before Judges CLAPP, GOLDMANN and EWART.
*237 Mr. George Pellettieri argued the motion for defendants (Mr. Carl Kisselman, Mr. George Pellettieri, Mr. Charles A. Cohen, Mr. Alfred M. Bitting, Mr. Sidney W. Bookbinder, Mr. Robert E. Dietz, attorneys for defendants).
Mr. Joseph A. Murphy argued the motion for the State (Mr. Theodore D. Parsons, Attorney-General, attorney for respondent).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Application is made for leave to appeal from orders denying defendants' motions to dismiss indictments. R.R. 3:5-5 (b) (6) (a); 2:2-4; 2:12. There have been a number of such applications in recent years, and we think it well to observe that we will not grant leave to appeal from the denial of such a motion except in a flagrant case or one where the indictment upon its face appears to be clearly defective in substance. Except in the cases stated, an application, under the old practice, for a writ of certiorari to remove an indictment into the Supreme Court for the purpose of quashing it, was denied. State v. Hart, 88 N.J.L. 150 (Sup. Ct. 1915); State v. Bolitho, 103 N.J.L. 246, 253 (Sup. Ct. 1926), affirmed 104 N.J.L. 446 (E. & A. 1927); State v. Then, 114 N.J.L. 413 (Sup. Ct. 1935); State v. Davidson, 116 N.J.L. 325 (Sup. Ct. 1936); State v. Grundy, 136 N.J.L. 96 (Sup. Ct. 1947); State v. Boyle, 137 N.J.L. 555 (Sup. Ct. 1948); cf. State v. Winne, 12 N.J. 152, 181 (1953). From that rule, which was the fixed rule for over 70 years, State v. Bolitho, supra, is drawn the rule obtaining today. The concern of the law here is with delays in criminal prosecutions that might follow upon any practice tolerating interlocutory appeals too freely. Error  if error there be  can be remedied by appeal after trial. Hence, where, as here, the question raised by the application appears to be "merely debatable," State v. Hart, supra, the application will be denied.