65 N.J. Super. 30 (1961)
166 A.2d 832
STATE OF NEW JERSEY
v.
ALFRED M. FROMM, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1960.
Decided January 9, 1961.
*31 Before Judges PRICE, GAULKIN and SULLIVAN.
*32 Mr. John T. Glennon argued the cause for the defendant-appellant (Messrs. Weiner, Weiner & Glennon, attorneys; Mr. John R. Connolly, of counsel).
Mr. John J. Dugan, Assistant Prosecutor, argued the cause for the State of New Jersey (Mr. H. Douglas Stine, Prosecutor of Union County, attorney).
The opinion of the court was delivered by GAULKIN, J.A.D.
Pursuant to leave granted under R.R. 2:2-3(a), defendant appeals from the denial of his motion to dismiss the indictment, upon the grounds that the indictment is incurably and fatally defective because it is "uncertain and indefinite" and "[t]he essential facts constituting the offense charged or intended so to be are not set out in the indictment as required by law."
The indictment is as follows:
"The Grand Jurors of the State of New Jersey, for the County of Union, upon their oaths present that Alfred M. Fromm, between the 1st day of January 1958 and the 18th day of July 1959, inclusive, in the Town of Westfield, in the County of Union, aforesaid, and within the jurisdiction of this Court, unlawfully did alter and falsify documents belonging to the Municipal Court of the said Town of Westfield and to the Office of the Violations Clerk of the Municipal Court of the Town of Westfield, contrary to the provisions of N.J.S. 2A:136-1 and against the peace of this State, the Government and dignity of the same."
"An indictment must be sufficiently certain to give assurance that the accused is not indicted for one offense and tried for another; * * *" State v. DeVita, 6 N.J. Super. 344, 347 (App. Div. 1950); State v. Ellenstein, 121 N.J.L. 304, 319 (Sup. Ct. 1938); O'Regan and Schlosser, New Jersey Criminal Practice and Procedure, § 89 (1938). It is not enough to name the crime, but the indictment must contain "a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offense, and the defendant be put upon his trial in chief for another, without any *33 authority." Linden Park Blood Horse Association v. State, 55 N.J.L. 557, 558 (E. & A. 1893).
If this were not so, the right not to be charged with a crime except upon indictment would be meaningless, for then the trial would be upon what the prosecutor said the grand jury intended and not upon what the indictment alleged. It was for this reason that Chief Justice Beasley said, in Linden Park Blood Horse Association v. State, supra, 55 N.J.L., at page 559:
"The rule of the law and of common justice is that the offense must be charged in the indictment in a certain and identifiable form; and this principle is so essential to the personal security of the citizen that it is not to be impaired, no matter how great the particular exigency may be."
As we said in State v. Williamson, 54 N.J. Super. 170, 187 (App. Div. 1959), affirmed 31 N.J. 16 (1959):
"The multitude of kinds of criminal offenses known to the law, common-law and statutory, and the infinite variations in the factual settings within which particular criminal acts and omissions can take place, defy any judicial formularization by which it can be readily determined whether an indictment has stated all the essential facts of a particular criminal transaction. The approach must necessarily be flexible, and the answer has to rest upon the judicial application of sound common sense, having in mind both the constitutional rights of the accused, mentioned above, and the practicalities of law enforcement and criminal prosecution."
When we approach the challenged indictment in this fashion, certain things strike us forcibly. The "documents" are not identified, nor are they described in any fashion except as "belonging to the Municipal Court * * * and to the office of the Violations Clerk of the Municipal Court of the Town of Westfield * * *." Webster's New International Dictionary (2d ed. 1955) defines document as "an original or official paper relied upon as the basis, proof, or support of anything else; in its most extended sense including any writing, book or other instrument conveying information; *34 any material substance, as a coin or stone, having on it a representation of the thoughts of men * * *." The use of the word "documents" in the indictment of course indicates that more than one were altered and falsified. There may have been very many, for it is alleged that the alterations and falsifications took place "between the first day of January 1958 and the 18th day of July 1959." How many falsifications and alterations did the grand jury have in mind? Were the documents all alike, or of several kinds? We are given no clue to the answers to these questions even by description of how or to what effect the documents were altered or falsified.
N.J.S. 2A:136-1, under which the indictment was drawn, provides:
"Any person who * * * alters * * * falsifies, mutilates or voids any public record, or any part thereof, or any writ, return, panel, process, minutes, documents, book or other proceedings of or belonging to any court in this state, or to the office of the clerk of any court, is guilty of a misdemeanor, and if, as a result of any such act, any verdict, judgment, sentence or decree is reversed, annulled, made void or loses its force and effect, the offender is guilty of a high misdemeanor."
Since the grand jury did not describe the "documents," and since only the word "documents" was selected from the items enumerated in the statute, one might infer that the grand jury intended that defendant was not to be charged with altering or falsifying any of the other writings mentioned in the statute.
Even after reading the indictment and the briefs of both sides we were completely in the dark as to the foregoing matters, and it is only upon the basis of the State's representations at oral argument that we understand that the State intends, upon this indictment, to try defendant for altering traffic summonses. The State asserted that the defendant had altered approximately 800 such summonses, but admitted it had no intention of proving the alteration of so many at the trial. Obviously, then, the State intends to *35 select some of the 800; but would these be the ones upon which the grand jury indicted?
The prosecutor offers to give a bill of particulars, but then it will be he who is making the charge or charges, and not the grand jury. This, of course, he may not do; and it is too well settled to warrant the citation of authority that essentials missing from an indictment may not be supplied by a bill of particulars.
Finally, the prosecutor argues that this indictment follows the language of N.J.S. 2A:136-1, and therefore particularization is not necessary. But "[t]he doctrine that, in indictments for misdemeanors created by statute, it is sufficient to charge the offense in the words of the statute, is always subject to the qualification that the facts must be set forth with clearness and all necessary certainty to apprise the person accused of the offense of which he stands charged." State v. Spear, 63 N.J.L. 179, 181 (Sup. Ct. 1899). See also State v. Bradway, 118 N.J.L. 17, 19 (Sup. Ct. 1937); O'Regan and Schlosser, New Jersey Criminal Practice (rev. ed. 1950), § 190, pp. 354-355.
For the foregoing reasons, the indictment should have been dismissed. The order appealed from is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.