77 N.J. Super. 232 (1962)
185 A.2d 882
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
EMILY JANE ADAMS, DEFENDANT.
Superior Court of New Jersey, Cape May County Court, Law Division (Criminal).
Decided November 20, 1962.
*233 Mr. William J. Hughes, Assistant Prosecutor, argued the cause for plaintiff (Mr. James A. O'Neill, County Prosecutor of Cape May County, attorney).
Mr. Henry Gorelick argued the cause for defendant.
FRANCIS, J.C.C.
Defendant has been indicted for engaging in prostitution in violation of N.J.S. 2A:133-2(g). She has made a motion before this court for dismissal of this indictment on the grounds of no jurisdiction. N.J.S. 2A:133-2 states, inter alia:
"Any person * * * who engages in prostitution or assignation, or knowingly aids or abets prostitution, lewdness or assignation  Is guilty of a misdemeanor."
There is also a disorderly persons statute, N.J.S. 2A:170-5, which states:
"Any person who practices prostitution, or who, by work, act, sign or any device, invites or solicits unlawful sexual intercourse or any other unlawful, indecent, lewd or lascivious act, is a disorderly person."
Defendant apparently contends that the enactment of the latter statute in 1930 in effect repealed N.J.S. 2A:133-2(g) which makes prostitution or assignation, or those knowingly aiding or abetting prostitution, lewdness, or assignation guilty of a misdemeanor.
Defendant contends that by the revision of the Crimes Act and Disorderly Persons Act by the Legislature, effective January 1, 1952, the crime of which she stands charged, is no longer indictable and must be treated as a disorderly persons violation, thus excising the jurisdiction of the county criminal court.
*234 The case authority cited in the briefs of counsel are not dispositive. The State cites several cases relating to what appear to be dual statutes similar to the one raised here. In each instance the reasons advanced to uphold the more serious statute are not applicable.
In State v. Reed, 34 N.J. 554 (1961), a distinction was raised between use and possession, it being determined that a repealer of a portion of the possession act would create a hiatus in the scheme of enforcement of the narcotics law.
In State v. Labato, 7 N.J. 137 (1951), dealing with a gambling statute, the holding likewise stressed the distinction between the two statutes, one requiring scienter.
The defendant contends State v. McGrath, 17 N.J. 41 (1954), is applicable. The situation with respect to the statutes has clear historical legislative background. The section in the Crimes Act is only invoked where "not otherwise expressly provided for by statute." N.J.S. 2A:85-1.
The Legislature in its revision of the criminal statutes has chosen not to delete N.J.S. 2A:133-2(g). The prosecutor, the repository of certain quasi-judicial functions, might well be intended to prosecute under either section or to distinguish between "the giving or receiving of the body for sexual intercourse for hire" and "the giving or receiving of the body for indiscriminate sexual intercourse without hire," or to consider the aggravating circumstances of the matter in question.
Impliedly repealing N.J.S. 2A:133-2(a) would also, of course, require the repeal of certain other portions of that section since they are less serious in nature than the paragraph sought to be repealed. See N.J.S. 2A:133-2(f).
The separation of powers maintained so jealously by all the courts makes them reluctant to find that one statute impliedly repeals the whole or part of another unless there is clear evidence that the Legislature so intended. Goff v. Hunt, 6 N.J. 600 (1951).
In State v. Winne, 12 N.J. 152 (1953), the court stated:
"The power to quash an indictment rests in the sound discretion of the trial judge, but this discretion should not be exercised `except *235 on the plainest ground.' State v. Ellenstein, 121 N.J.L. 304, 325 (Sup. Ct. 1938), or on `the clearest and plainest ground,' as it was put in State v. Davidson, 116 N.J.L. 325, 328 (Sup. Ct. 1936), or unless the indictment is `palpably defective,' State v. Russo, 6 N.J. Super 250, 254 (App. Div. 1950) * * *."
For the reasons stated above, defendant's motion to dismiss the indictment is denied.
The State will submit order.