132 N.J. Super. 186 (1975)
333 A.2d 267
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MIGUEL ANGEL BONET, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 7, 1975.
Decided January 27, 1975.
*187 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Philip A. Kahn, designated counsel, of counsel, and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. R. Benjamin Cohen, Assistant Prosecutor, of counsel).
*188 PER CURIAM.
Defendant appeals from his conviction on two counts of an indictment for (a) possession of a dangerous knife (N.J.S.A. 2A:151-41) and (b) atrocious assault and battery (N.J.S.A. 2A:90-1) on one David Hong. He was acquitted on the third count of the indictment charging atrocious assault and battery on one John Hong. On appeal he contends that (1) the prosecutor's remarks in summation at trial were improper and (2) defendant was denied effective assistance of counsel so as to warrant reversal of the convictions.
Both of defendant's contentions are constructed upon the fact that when defendant took the stand in his own defense his counsel elicited testimony from him only as to the time of his arrest but failed to ask him whether he denied guilt of the offenses charged. Specifically, defendant testified that he was apprehended between the hours of 4 P.M. and 5 P.M. on the day of the crime. The clear purpose of this testimony was to support an inference that he could not have been one of the culprits identified by David Hong immediately after the incident which had occurred, according to the State's testimony, at approximately 10 P.M. on the same day. The trial judge, out of the hearing of the jury, specifically called defense counsel's attention to the fact that he had not asked his client whether he denied the offenses. Counsel responded that he preferred to leave the matter as it was. The defense then rested.
In his summation the prosecutor commented on defendant's failure to deny his participation in the offenses charged. Defense counsel objected on the ground that it was improper for the prosecutor to refer to defendant's failure to deny his guilt. The objection was overruled. Thus comes this appeal.
Defendant contends that, since his only testimony on direct examination related to the time of the arrest and not to his participation in the crimes, the prosecutor's comment as to defendant's failure to deny the offenses was beyond fair comment and violative of defendant's Fifth Amendment rights. He argues that any cross-examination by the prosecutor *189 (which was waived in this case) must be limited to the scope of the direct examination of defendant and that, by analogy, no adverse comment may be made as to defendant's failure to deny any acts which were not actually covered in his direct examination.
The argument is fallacious. First, the scope of cross-examination of a defendant who testifies on his own behalf is not limited solely to matters brought out on his direct examination but may, in the trial court's discretion, cover other relevant matters. State v. Siegler, 22 N.J. Super. 224, 228 (App. Div. 1952), aff'd 12 N.J. 520 (1953); State v. Grover, 104 N.J.L. 10, 12 (Sup. Ct. 1927). Second, where the accused takes the stand and voluntarily testifies in his own behalf he may not stop short in his testimony by omitting to explain incriminating circumstances already in evidence without subjecting his silence to the inference to be naturally drawn therefrom. State v. Fioravanti, 46 N.J. 109, cert. den. 384 U.S. 919, 86 S.Ct. 1365, 16 L.Ed.2d 440 (1966). In that case the court quoted with approval the following language from Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917):
The accused, of all persons, had it within his power to meet, by his own account of the facts, the incriminating testimony of the girls. When he took the witness stand in his own behalf he voluntarily relinquished his privilege of silence, and ought not to be heard to speak alone of those things deemed to be for his interest, and be silent where he or his counsel regarded it for his interest to remain so, without the fair inference which would naturally spring from his speaking only of those things which would exculpate him and refraining to speak upon matters within his knowledge which might incriminate him. [242 U.S. at 494, 37 S.Ct. at 198].
And as more particularly stated in Fioravanti:
[A] defendant who undertakes to answer part of the evidence against him is subject to comment as to factual thrusts he does not meet, even though he cannot be ordered on cross-examination to testify with respect to them. * * * [W]hen a defendant chooses to speak as to only a part of the direct proof against him, the inference becomes clearer that he is unable to dispute the balance. More importantly *190 he may thereby gather an advantage that is false, for less than the whole truth may affirmatively mislead. 8 Wigmore, Evidence (McNaughton rev. 1961), § 2276(2), pp. 459-460; cf. State v. DeCola, 33 N.J. 335, 345 (1960). It would distort the truth-finding process to expect the jurors to weigh what the defendant chooses to reveal and to be oblivious of his silence as to the remainder.
Hence Caminetti and the other cited authorities hold that if a defendant does speak in part, his omission to speak as to other direct evidence may be found to be meaningful, and this, not because he "waived" a privilege in the sense that he intentionally incurred a known consequence, but rather because it is sensible and just to permit an inference that a man who reveals only part of what he knows with respect to the direct proof against him could not truthfully meet the rest. [46 N.J. at 117-119].
In United States ex rel. Fioravanti v. Yeager, 404 F.2d 675, (3 Cir.1968), cert. den. 396 U.S. 860, 90 S.Ct. 131, 24 L.Ed.2d 112 (1969), the court of appeals for the Third Circuit agreed with our Supreme Court. It is true that the same court sitting en banc has since reversed the stand it took in Fioravanti. United States ex rel. Mitchell v. Pinto, 438 F. 2d 814 (3 Cir.1971), cert. den. 402 U.S. 961, 91 S.Ct. 1622, 29 L.Ed.2d 124 (1971). Noting that neither Mitchell nor Fioravanti actually took the stand but rather simply offered demonstrative evidence on their behalf, the en banc court held that the demonstrative evidence is not testimonial within the meaning of the Fifth Amendment and the furnishing thereof does not constitute a waiver of the privilege. But defendant here did not, as did Fioravanti, simply offer demonstrative evidence in his behalf. He actually took the stand and gave oral testimony. Such course of action thus comes within the holding of Caminetti v. United States, as cited by our Supreme Court in Fioravanti. See also, Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1949).
Defendant further argues that his testimony as to the time of his arrest was as to a collateral issue and that a waiver of Fifth Amendment rights occurs only when a defendant testifies as to a fact concerning the crime itself. Such an exception has been accepted in a situation where defendant took the stand solely for the purpose of showing that a confession *191 was not voluntarily given. Calloway v. Wainwright, 409 F.2d 59 (5 Cir.), cert. den. 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222 (1969). But here defendant's testimony was not collateral. In testifying that he was arrested five hours prior to the alleged incident defendant was effectively attempting to deny that he was a participant in the offenses. This was not by any means "collateral."
There is no merit whatever to defendant's contention that the prosecutor's summation was not based upon a fact in evidence. It was clearly a comment on what defendant, having taken the stand, failed to assert, namely, his denial of participation.
As to defendant's contention that the failure of his trial counsel to ask him to deny the offenses constituted ineffective assistance of counsel, it is apparent that defense counsel deliberately adopted the stratagem in the hope of aiding the defense. Mere improvident strategy, bad tactics or mistake do not amount to ineffective assistance of counsel unless, taken as a whole, the trial was a mockery of justice. United States v. Cariola, 211 F. Supp. 423, 427 (D.N.J. 1962), aff'd 323 F. 2d 180 (3 Cir.1963); State v. Bentley, 46 N.J. Super. 193, 203 (App. Div. 1957). The proofs here fall far short of showing that this trial constituted a farce or mockery of justice. State v. Woodard, 102 N.J. Super 419, 429 (App. Div. 1968), certif. den. 53 N.J. 64 (1968), cert. den. 395 U.S. 938, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1969); State v. Dennis, 43 N.J. 418, 428-429 (1964). Immediately after the incident and later at the trial David and John Hong clearly identified defendant as being at the scene of the offenses, and David further identified defendant as his assailant. The proofs amply supported the jury's finding of defendant's guilt on the first two counts of the indictment.
The convictions are affirmed.