**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3940-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDARIEL MELENDEZ, a/k/a
RIDDICK,

    Defendant-Appellant.

_____

Submitted October 19, 2017 — Decided November 21, 2017

Before Judges Simonelli and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No. 08-
11-0966.

Joseph E. Krakora, Public Defender, attorney
for appellant (Louis H. Miron, Designated
Counsel, on the brief).

Thomas K. Isenhour, Acting Union County
Prosecutor, attorney for respondent (Meredith
L. Balo, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Edariel Melendez appeals from the April 1, 2016 Law Division order, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate herein the procedural history and facts set forth in State v. Melendez, No. A-3829-10 (App. Div. June 27, 2014), certif. denied, 220 N.J. 100 (2014). The following facts are pertinent to the present appeal.

Following a second jury trial,[1] defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (counts two and twenty-one);[2] second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts three and six); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (counts four and seven); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts five and eight); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts nine and twenty-five); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts ten, twenty-six and thirty-three); third-degree hindering apprehension, N.J.S.A. 2C:29-3(a)(3) (count thirty-four); and

---

[1] The first trial ended in a mistrial because of juror misconduct.

[2] The court dismissed count one charging defendant with second-degree conspiracy, N.J.S.A. 2C:5-2.

third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1) (count thirty-five).[3] The charges stemmed from defendant's involvement with co-defendants Bryant Lee and Monte Foster in two gang-related murders.

The trial court imposed two consecutive forty-year terms of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant also received two consecutive seven-year terms of imprisonment on his second-degree aggravated assault convictions, concurrent with the four-year sentence he received on his weapons conviction. In addition, the court imposed a four-year consecutive sentence for the hindering conviction. Defendant's aggregate sentence was 98 years with a 79.9-year period of parole ineligibility.

Defendant appealed his conviction and sentence. We found no abuse of discretion in the court's admission of evidence of defendant's gang membership and photographs of his gang-related tattoos, and no plain error in the prosecutor's summation comment about defendant's tattoos. Melendez, supra, (slip op. at 14, 18).

---

[3] Co-defendant Bryant Lee was charged in counts eleven through nineteen, twenty-seven through thirty-two, and thirty-seven through thirty-nine. Co-defendant Monte Foster was charged in counts forty and forty-one.

We specifically found the prosecutor's "comment was not so egregious as to have denied defendant a fair trial." Id. at 18.

Defendant filed a PCR petition, arguing that trial counsel rendered ineffective assistance by failing to call J.G.[4] as a witness, meet with defendant sufficiently to prepare for trial, and object to the prosecutor's improper summation comment about his tattoos. In a pro se supplemental brief, defendant added that trial counsel failed to call Lee and Foster to testify and investigate the biased testimony of two witnesses whose stepfather interceded on their behalf with the court and the prosecutor.

In an April 1, 2016 order and written opinion, the PCR judge denied the petition. The judge found the procedural bar of Rule 3:22-5 applied to defendant's argument about the prosecutor's summation comment. The judge also found the State called J.G. as a witness, trial counsel engaged in a lengthy cross-examination, bringing to light inconsistencies between J.G.'s testimony and his statement to the police, and counsel attacked the photo array in which J.G. participated.

The PCR judge found there were no affidavits from Lee and Foster, and trial counsel exercised reasonable strategy in not calling them as witnesses. The judge noted that Lee and Foster,

---

[4] We use initials to identify this witness to protect his privacy.

who had pending charges relating to this matter, would have either invoked their Fifth Amendment right not to testify, or their testimony would have damaged the defense by presenting evidence of co-defendants' shared gang membership with defendant. The judge also found that, given the considerable amount of evidence presented against defendant, Lee's and Foster's testimony would not have changed the outcome.

The PCR judge determined defendant did not show that trial counsel's alleged failure to meet with him sufficiently to prepare for trial rose to the level of constitutionally-inadequate representation. The judge noted that trial counsel argued reasonably on defendant's behalf in pre-trial motions, sought a directed verdict at the close of the State's case, cross-examined witnesses, and called alibi witnesses. The judge emphasized there were no affidavits or certifications showing that trial counsel was objectively unreasonable in his trial preparation and strategy. The judge concluded that defendant failed to establish both prongs of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) to warrant an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following contentions:

> I. THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DEPRIVED [DEFENDANT] OF A FAIR

TRIAL AND RENDERED THE JURY'S VERDICT AS
FUNDAMENTALLY UNRELIABLE.

    A.   Trial Counsel Failed to Represent
        [Defendant] Effectively.

II.   TRIAL COUNSEL'S ERRORS, CONSIDERED
     CUMULATIVELY, AMOUNTED TO THE
     INEFFECTIVE ASSISTANCE OF COUNSEL FOR
     [DEFENDANT]. (Not Raised Below).

III.   THE PCR COURT SHOULD HAVE CONDUCTED AN
      EVIDENTIARY HEARING TO ADDRESS ALL OF
      [DEFENDANT'S] CLAIMS.

Defendant argues that trial counsel's cross-examination of the State's witnesses, particularly J.G., was "woefully inadequate," and counsel failed to called Lee as a witness and investigate and prepare for trial.

Defendant raises the following contentions in his pro se brief:

### Point I

The Defendant was entitled to a New Trial where he made a prima facie showing that trial counsel failed to render effective assistance of counsel and in particular counsel failed to interview and prepare alibi witnesses for trial, failed to pursue a dismissal because of a mistrial and failed to explore any challenges to statements, plea agreements and sentencing of Mr. Lee and Mr. Foster. Furthermore, a Charles Thomas wrote a letter to a Judge seeking consideration for testimony of his daughter. His daughter did in fact testify at trial. I never saw the letter. The content of the letter should have been used for impeachment purposes.

6

We decline to address defendant's argument that trial counsel's cross-examination of the State's witnesses was "woefully inadequate." We also decline to address defendant's argument in his pro se brief that trial counsel failed to pursue a dismissal because of a mistrial, explore any challenges to co-defendants' statements, plea agreements, and sentencing, and use an investigator to investigate his case. Defendant did not present these arguments to the PCR judge and they do not involve the court's jurisdiction or present a matter of great public interest. State v. Robinson, 200 N.J. 1, 20 (2009); R. 3:22-4(a). Accordingly, we focus on defendant's remaining arguments.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a "fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, supra, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, supra, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he

is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

When a defendant claims that trial counsel inadequately investigated his case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, supra, 216 N.J. at 353 (quoting Cummings, supra, 321 N.J. Super. at 170). Defendant provided no affidavit or certification

In addition, deciding which witnesses to call to the stand is "an art," and we must be "highly deferential" to such choices. State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, supra, 466 U.S. at 689, 693, 104 S. Ct. at 2065, 2067, 80 L. Ed. 2d at 694, 697). Furthermore,

> [d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront. A trial attorney must consider what testimony a witness can be expected to give, whether the witness's testimony will be subject to effective impeachment by prior inconsistent statements or other means, whether the witness is likely to contradict the testimony of other witnesses the attorney intends to present and thereby undermine their credibility, whether the trier of fact is likely to find the witness credible, and a variety of other tangible and intangible factors.
>
> [Id. at 320-21 (citation omitted).]

Where the defendant asserts that his attorney failed to call witnesses who would have exculpated him, "he must assert the facts that would have been revealed, 'supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (quoting Cummings, supra, 321 N.J. Super. at 170).

Finally, simple mistakes, bad strategy, or bad tactics "do not amount to ineffective assistance of counsel unless, taken as a whole, the trial was a mockery of justice." State v. Bonet, 132 N.J. Super. 186, 191 (App. Div. 1975). The simple fact that a trial strategy fails does not necessarily mean that counsel was ineffective. State v. Bey, 161 N.J. 233, 251 (1999) (citation omitted), cert. denied, 530 U.S. 1245, 120 S. Ct. 2693, 147 L. Ed. 2d 964 (2000).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, and affirm substantially for the reasons set forth in the PCR judge's written opinion. We are satisfied that trial counsel's

performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3940-15T1