**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3683-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BOBBY SINGLETARY,

     Defendant-Appellant.

_____

Submitted October 14, 2021 – Decided October 28, 2021

Before Judges Hoffman and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-01-0002.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Bobby Singletary appeals from a January 8, 2020 Law Division order denying his petition for post-conviction relief (PCR). He contends his defense counsel provided ineffective assistance by stipulating to the statements of a State's witness, by failing to adequately argue his motion for acquittal, and by not advising him to testify on his own behalf. We affirm.

I

In January 2013, the State charged defendant as follows: second-degree conspiracy to commit bribery, official misconduct, and distribute heroin, distribute marijuana, contrary to the provisions of N.J.S.A. 2C:5-2 (count one); second-degree official misconduct, contrary to the provisions of N.J.S.A. 2C:30-2 (count two); and second-degree bribery in official matters, contrary to the provisions of N.J.S.A. 2C:27-2(c) (count seven). The charges arose out of defendant's distribution of marijuana and heroin in the institution where he worked as a corrections officer. In September 2013, a joint jury trial of defendant and co-defendant Sharrod Hargrave commenced before Judge Mitzy Galis-Menendez.

A public defender represented defendant at trial. The State planned to call another corrections officer, Luis Roman, to testify against defendant. Roman,

who allegedly sold drugs at the institution where defendant worked, eventually pled guilty in a separate indictment unrelated to defendant's case.

Before Roman was scheduled to testify at trial, he had a recorded conversation with prosecuting attorneys. During this conversation, Roman recounted observing defendant bringing drugs into the institution in a cigarette box containing heroin.[1] Roman also stated that defendant asked him for connections to buy better quality heroin to sell in the institution.

Later in the same conversation, Roman asked the State for a reduction of his sentence in exchange for his testimony against defendant. Roman explained that he had "no love" for defendant and added, "I would like to fucking [] destroy him." Notwithstanding this conversation, Roman eventually refused to testify at trial.

Following this development, defendant's trial attorney and the prosecution entered into a stipulation at trial concerning Roman's statements. At bottom, the stipulation permitted the State to use the portion of Roman's statements concerning his observation of defendant bringing drugs into the institution and defendant's asking him for connections to purchase better quality heroin while

---

[1] Multiple other witnesses also testified to having seen defendant bring drugs into the institution in a Newport cigarette box.

A-3683-19

permitting the defense to use the portion of Roman's statements concerning his motive to testify against defendant – his desire for a modified sentence. Defendant's trial attorney capitalized on Roman's statements during closing arguments to the jury.

Before Roman's statements were read into the record, defense counsel conferred with defendant during lunch. Upon returning, defense counsel questioned defendant on the record as to his knowledge and approval of the stipulation agreement. Defendant acknowledged on the record that he agreed with the proposed stipulation after having reviewed it.

After the State rested, the defense moved for a judgment of acquittal, pursuant to Rule 3:18. Defense counsel incorporated the arguments of co-defendant Hardgrove's counsel where applicable to defendant while also advancing arguments particular to defendant. The court denied the motion, finding that witness testimony along with the State's other evidence was sufficient to permit a jury to find defendant guilty of the offenses charged.

On September 24, 2013, defense counsel questioned defendant on the record regarding his election not to testify at trial. Defendant acknowledged that counsel discussed with him his right to testify at trial. Defendant

4

acknowledged that the decision not to testify was only his to make. Defendant further testified that he decided not to testify after thinking it over.

At the conclusion of the trial, the jury found defendant guilty on all charges. In March 2014, Judge Galis-Menendez sentenced defendant to seven years imprisonment, including five years of parole ineligibility. In November 2018, defendant timely filed the petition under review. Judge Galis-Menendez heard oral argument on the petition in October 2019 and then issued a written decision denying PCR in January 2020.

This appeal followed, with defendant raising the following arguments:

POINT ONE

THE PCR COURT ERRED IN DENYING MR. SINGLETARY'S PETITION FOR POST-CONVICTION RELIEF AS TRIAL COUNSEL WAS INEFFECTIVE IN STIPULATING TO THE TESTIMONY OF STATE'S WITNESS ROMAN.

POINT TWO

THE PCR COURT ERRED IN DENYING MR. SINGLETARY'S PETITION FOR POST-CONVICTION RELIEF AS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADEQUATELY ARGUE DEFENDANT'S MOTION FOR ACQUITTAL.

POINT THREE

A-3683-19

THE PCR COURT ERRED IN DENYING MR. SINGLETARY'S PETITION FOR POST-CONVICTION RELIEF AS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADVISE DEFENDANT TO TESTIFY IN HIS OWN BEHALF.

II

PCR is New Jersey's analogue to the federal writ of habeas corpus. State v. Afanador, 151 N.J. 41, 49 (1997); State v. Preciose, 129 N.J. 451, 459 (1992). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 482 (1997). Pursuant to Rule 3:22-2(a), a criminal defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution[s] of the United States and . . . the State of New Jersey." A defendant must establish the denial of such a right by a "preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden," a defendant must articulate "specific facts" that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie case of ineffective assistance of counsel, defendant must show: (1) counsel's performance was objectively deficient; and

6

(2) counsel's deficient performance prejudiced defendant to the extent that he was deprived of his right to a fair trial. State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the United States Supreme Court's two-prong test from Strickland v. Washington, 466 U.S. 668, 687 (1984)). Prejudice means "a reasonable probability" the deficient performance "materially contributed to defendant's conviction." Ibid.

The first prong of Strickland requires that a petitioner show that counsel's performance was deficient as measured by an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. This objective standard is measured according to a standard of reasonable competence, which does not mandate "the best of attorneys but certainly not one so ineffective as to make the idea of a fair trial meaningless." State v. Davis ,116 N.J. 341, 351 (1989).

Moreover, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Consequently, a petitioner must identify specific acts or omissions of counsel that fall outside reasonable professional judgment. Id. The court then decides whether these acts fell "outside the wide range of professionally competent assistance." Id.

A-3683-19

Complaints of matters relating to trial strategy will not establish a valid ineffective assistance claim. Fritz, 105 N.J. at 54 (quoting State v. Williams, 39 N.J. 471, 489 (1963)). Mere improvident strategy, mistakes or bad tactics will not amount to ineffective assistance. State v. Bonet, 132 N.J. Super. 186, 191 (App. Div. 1975). A strategy that does not work, which seems ill-conceived to a defendant in hindsight, must be examined through the lens of the time it was undertaken. Strickland, 466 U.S. at 689.

This court uses a deferential standard of review in reviewing a PCR court's factual findings based on live testimony so long as they are supported by "sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (quoting State v. Nash, 212 N.J. 518, 540 (2013)). However, this court affords no deference to a PCR court's interpretation of the law and applies a de novo standard. State v. Harris, 181 N.J. 391, 415-16 (2004). "[F]or mixed questions of law and fact, [this court] give[s] deference . . . to the supported factual findings of the trial court, but review[s] de novo the lower court's application of any legal rules to such factual findings." Ibid. (internal citation omitted).

Defendant contends his defense counsel provided ineffective assistance when he stipulated to the statements made by Roman, the State's witness. We disagree. Based upon our review of the record, we conclude that defense

counsel's stipulation to Roman's statements amounted to a strategic decision. Indeed, the stipulation allowed the State and the defense to use parts of Roman's statements that helped their respective cases. In so doing, the defense capitalized on Roman's statements while avoiding the risk that Roman would offer testimony that was more damaging to defendant than the statements used by the prosecution.

Moreover, counsel discussed the stipulation with defendant during lunch. Defendant then confirmed on the record that he agreed with the stipulation. Avoiding the risk of additional testimony from Roman incriminating defendant was an objectively reasonable exercise of professional judgment.

Defendant next contends that his defense counsel provided ineffective assistance because he did not adequately argue defendant's motion for acquittal. We disagree.

Co-defendant Hardgrove's attorney moved for a judgment of acquittal on his client's behalf along with defendant's trial counsel. In so doing, co-counsel made lengthy arguments applicable to defendant, which defendant's counsel adopted and supplemented in his arguments to dismiss the charges against defendant. Indeed, during argument on the motion for acquittal, defendant's

9

counsel persuaded the state to change the nature of the conspiracy count against defendant.

We know of no constitutional mandate that effective counsel re-articulate the same arguments that co-counsel advanced moments earlier that were equally applicable to defendant. Defendant's counsel announced on the record that he adopted the arguments of co-counsel. Where defendant's counsel found it wise to advance arguments particular to defendant, he did so. The arguments advanced by defendant's counsel in support of the motion for acquittal were an objectively reasonable exercise of professional judgment.

Defendant further asserts that his defense counsel's failure to advise defendant to testify on his own behalf constituted ineffective assistance because defendant did not have a criminal record. We disagree.

The decision of which witnesses to call at trial is generally a strategic determination within counsel's discretion. State v. Coruzzi, 189 N.J. Super. 273, 323 (App. Div.) certif. denied, 94. N.J. 531 (1983). "A defense attorney's decision concerning which witnesses to call…is 'an art,' and a court's review of [this] decision should be 'highly deferential.'" State v. Arthur, 184 N.J. 307, 321 (2005).

Defense counsel questioned defendant on the record regarding his election not to testify. Defendant confirmed that he discussed the issue with counsel, that he knew that the decision was his to make, that he had decided not to testify, and that he was comfortable with this decision, after due consideration. Defendant was aware that the decision to testify, or not testify, was his alone to make.

In addition, counsel's failure to advise defendant to testify surpasses the standard of objective reasonableness. Where a defendant is not subject to impeachment by a prior criminal conviction, such a defendant can expect the State will nevertheless subject him to rigorous cross-examination. Here, such rigorous cross-examination may have negatively impacted the jury's impression of defendant, making a conviction more likely. Accordingly, we reject defendant's argument that failing to advise defendant to testify at trial, despite his lack of criminal record, was an objectively unreasonable exercise of professional judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3683-19