**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1619-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JONATHAN L. SYLVESTER,
a/k/a BJ SYLVESTER, JOHN
SYLVESTER, JONATHAN J.
SYLVESTER, JOHNATHAN L.
SYLVESTER, and JOHNATHAN
L. SYLVESTERJR.,

    Defendant-Appellant.

_____

Submitted February 4, 2026 – Decided February 20, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-01-0001.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a supplemental brief on appellant's behalf.

PER CURIAM

Defendant Jonathan L. Sylvester appeals an order denying post-conviction relief (PCR) after an evidentiary hearing addressing one of several claims in his petition. Perceiving no abuse of discretion in Judge Candido Rodriguez, Jr.'s decision not to conduct an evidentiary hearing on all of defendant's claims except one and no error in his finding that defendant failed to establish ineffective assistance of counsel (IAC) after a hearing on the remaining claim, we affirm.

In January 2015, a jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). A judge sentenced him to life in prison with an eighty-five percent period of parole ineligibility, in accordance with the No Early Release Act, N.J.S.A. 2C:43-7.2, and to a concurrent ten-year term with a five-year period of parole ineligibility. On direct appeal, we affirmed the conviction. State v. Sylvester, No. A-0899-17 (App. Div. Oct. 16, 2019). The Supreme Court denied his petition for certification. State v. Sylvester, 241 N.J. 71 (2020).

A-1619-23

In July 2020, defendant petitioned for PCR, raising claims of IAC predicated in part on counsel's failure to call several witnesses and to object to alleged prosecutorial misconduct in the State's summation, and counsel's decision to ask at trial a question that invited the introduction of allegedly prejudicial evidence of an earlier shooting. Judge Rodriguez held an evidentiary hearing at which defendant and his trial counsel testified on defendant's claim that counsel erred in raising the prior shooting. The judge denied all of defendant's PCR claims in an order and thorough written opinion, finding defendant had failed to establish prima facie claims of IAC except for the single claim addressed at the hearing. The judge rejected the claim that counsel was ineffective for raising the prior shooting based on the hearing record.

Defendant raises the following arguments on appeal:

> POINT I. [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL WITNESSES AND FAILING TO OBJECT TO PROSECUTORIAL MISCONDUCT DURING SUMMATION.
>
> POINT II. [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL WAS INEFFECTIVE FOR INTRODUCING PREJUDICIAL AND IRRELEVANT OTHER CRIMES EVIDENCE.

A-1619-23

In defendant's supplemental self-represented brief, he argues the judge erred in relying on legal precedent he contends was contrary to prevailing law. He also asserts there is no basis in the record for the judge's finding that the jury was presented with testimony demonstrating defendant was not implicated in the earlier shooting.

On those claims for which the judge did not grant an evidentiary hearing, we review his legal and factual determinations de novo. State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025). On the claim for which the judge granted an evidentiary hearing, our review of the court's factual findings is "necessarily deferential." Ibid. (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

When a defendant claims IAC as the basis for relief, he must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was adopted by our Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Bare assertions are "insufficient to support a prima facie case of ineffectiveness." State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (quoting State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999)).

A-1619-23

"The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023). "We review the PCR court's decision to proceed without an evidentiary hearing for abuse of discretion." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). A hearing is required only when "the defendant [has] establishe[d] a prima facie case in support of PCR," the record reveals "disputed issues of material fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims asserted." Ibid. (citing State v. Porter, 216 N.J. 343, 354 (2013)); see also R. 3:22-10(b). A defendant establishes a prima facie case by demonstrating "'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Porter, 216 N.J. at 355 (quoting R. 3:22-10(b)).

We affirm the order denying defendant's PCR petition substantially for the reasons set forth in Judge Rodriguez's comprehensive written decision. Defendant argues the judge erred in not conducting an evidentiary hearing regarding his trial counsel's failure to call several witnesses whose testimony would have been exculpatory. Decisions regarding which witnesses to call and how to present testimony are matters of trial strategy entitled to substantial

deference.  State v. Arthur, 184 N.J. 307, 321 (2005).  Trial counsel's decision not to call certain witnesses was not deficient—Mellony Sylvester's testimony would have been cumulative, Jaylinne Diaz-Gomez's testimony would have been unreliable, and Radora McCollum and Alicia Martin's testimony would have been ineffective, given the State's trial proofs.

Defendant next argues the judge erred in not conducting an evidentiary hearing regarding his trial counsel's failure to object to prosecutorial misconduct in the State's summation.  We collaterally addressed this claim in defendant's direct appeal, where we concluded any alleged misconduct did not affect the jury's verdict.  Thus, this claim is barred by Rule 3:22-5, which precludes the raising of PCR claims conclusively disposed of on direct appeal.  Even if defendant could overcome that procedural bar, he could not establish, as he must to prevail on his IAC claim, the verdict would have been different but for counsel's failure to object given our holding on this issue in the direct appeal. See Vanness, 474 N.J. Super. at 623-24.

Defendant also argues the judge erred by denying relief on his claim regarding his counsel's reference to the prior shooting.  We discern no error in the denial because the defense was pursuing a third-party guilt defense, which could have been furthered by the evidence.  The judge found counsel at the

6

evidentiary hearing had credibly testified defendant was informed of the strategy and its potential benefits and risks. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. DiFrisco, 174 N.J. 195, 220 (2002) (quoting State v. Bey, 161 N.J. 233, 251 (1999)). We discern no error in Judge Rodriguez's observation that counsel's strategy was "unconventional" but was nevertheless logical and viable. We likewise conclude defendant did not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Harris, 181 N.J. 391, 431 (2004) (quoting Strickland, 466 U.S. at 689).

Defendant raises two additional arguments in his self-represented brief, claiming Judge Rodriguez erred by relying on State v. Bonet, 132 N.J. Super. 186 (App. Div. 1975), which was effectively overruled by Fritz, 105 N.J. 42 (1987), and in finding no prejudice from evidence of the prior shooting because cross-examination of the ballistic expert demonstrated defendant was not implicated in the prior shooting. Neither argument has merit.

Judge Rodriguez did not "rely" on Bonet. The case is cited twice in the judge's opinion, in tandem with State v. Pierre, 223 N.J. 560, 579 (2015), to underpin the conclusion that counsel's choice as to whether to call a witness is presumptively reasonable, and counsel's strategic or tactical mistakes do not

constitute IAC "unless, taken as a whole, the trial was a mockery of justice." (quoting Bonet, 132 N.J. Super. at 191). Pierre applies Strickland/Fritz, which remains controlling law. See Pierre, 223 N.J. at 577-88. The isolated references to Bonet do not constitute a misapplication of law or an abuse of discretion. Jones, 219 N.J. at 311. The judge correctly applied the Strickland/Fritz standard to defendant's claims, finding defendant had failed to show counsel's performance was deficient or that he was prejudiced.

Defendant also argues the judge wrongfully concluded trial testimony established defendant was not implicated in the earlier shooting. We disagree. In analyzing defendant's IAC claim by referencing an earlier shooting, the judge noted "the fact that [defendant] was not implicated [was] not introduced at trial." (Emphasis added). Instead, the judge stated, "through cross-examination of the State's ballistics expert, trial counsel elicited that the gun in this case was never recovered and the victim in the prior incident was not able to identify the shooter, thereby casting doubt on [defendant's] identity as the shooter." The judge did not state the jury had heard testimony affirmatively exculpating defendant of the earlier shooting.

Given that defendant failed to establish a basis for PCR under the Strickland/Fritz framework, we discern no error in Judge Rodriguez's decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M. C. Harley*

Clerk of the Appellate Division

A-1619-23