**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1878-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE S. FOSTER, a/k/a
JERMAINE ST. PATRICK
FOSTER,

    Defendant-Appellant.

_____

Submitted March 16, 2020 – Decided May 20, 2020

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-06-1212.

Joseph E. Krakora, Public Defender, attorney for appellant (Angela Maione Costigan, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Ian D. Brater, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jermaine S. Foster was convicted by jury of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count one); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); and third-degree possession of a controlled dangerous substance (CDS), cocaine, N.J.S.A. 2C:35-10(a)(1) (count four), after he shot his ex-girlfriend outside the diner where she worked.[1]

He appeals from the order denying his post-conviction relief (PCR) application without an evidentiary hearing, arguing:

> [POINT I]
>
> THE [PCR JUDGE] ERRED IN FAILING TO FIND THAT DEFENSE COUNSEL WAS INEFFECTIVE.
>
>     A.    DEFICIENCY PRONG
>
>     1.    TRIAL COUNSEL WAS [INEFFECTIVE] FOR FAILING TO REQUEST AN ATTEMPTED PASSION/PROVOCATION/MANSLAUGHER CHARGE.

---

[1] We affirmed his conviction, State v. Foster, A-4907-12 (App. Div. Jan. 21, 2016), and our Supreme Court denied defendant's petition for certification, State v. Foster, 224 N.J. 527 (2016).

2.     APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ALL ISSUES ON APPEAL.

3.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO NEGOTIATE A REASONABLE PLEA AGREEMENT.

4.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK A SEVERANCE OF COUNTS TWO, THREE AND FOUR OF THE INDICTMENT.

5.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST EITHER A MISTRIAL OR A CURATIVE INSTRUCTION ON EMS TESTIMONY.

6.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK AN INTOXICATION JURY INSTRUCTION.

7.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ENGAGE A BALLISTICS EXPERT.

8.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL ANY WITNESSES IN DEFENSE.

9.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE TO THE JURY ON LESSER INCLUDED CHARGES.

B.     PREJUDICE PRONG

[POINT II]

THE [PCR JUDGE] ERRED IN FAILING TO HOLD
AN EVIDENTIARY HEARING.

Unpersuaded, we affirm.

Because the PCR judge did not hold an evidentiary hearing, we review both the factual inferences drawn by the PCR court from the record and the court's legal conclusions de novo.  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).  To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92.  Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

We find no merit to defendant's contentions relating to the jury charge. Even viewing the circumstances of this shooting in the light most favorable to defendant, we determine a jury instruction on passion/provocation manslaughter

4

was not warranted because "no jury could rationally conclude that the State had not proven beyond a reasonable doubt that the asserted provocation was insufficient to inflame the passions of a reasonable person[.]" State v. Mauricio, 117 N.J. 402, 412 (1990).

One of the four elements of passion/provocation manslaughter is that "the provocation must be adequate[.]"[2] Id. at 411.  Under that objective standard, id. at 411-12,

> a jury must conclude that a reasonable person in the defendant's position would have been provoked sufficiently to "arouse the passions of an ordinary man beyond the power of his control." State v. King, 37 N.J. 285, 301-02 (1962). "The generally accepted rule is that words alone, no matter how offensive or insulting, do not constitute adequate provocation to reduce murder to manslaughter." State v. Crisantos, 102 N.J. 265, 274 (1986).
>
> [State v. Funderburg, 225 N.J. 66, 80 (2016).]

The events leading up to the shooting involved nothing more than a verbal dispute between defendant and the victim.  Defendant interacted with the diner manager after he arrived at the diner, followed the victim around as she worked,

---

[2]  The other elements are:  "the defendant must not have had time to cool off between the provocation and the slaying; the provocation must have actually impassioned the defendant; and the defendant must not have actually cooled off before the slaying." Mauricio, 117 N.J. at 411.

engaged in a thirty- to forty-minute verbal dispute when the victim would not agree to leave with defendant, which escalated to the point that the diner manager told them to leave the diner. As the verbal argument intensified and the victim told defendant, who was standing at arm's distance, "I can't do this anymore," and that she wished to end their relationship. Defendant responded, "you think it's over because you say it's over." He turned as if to walk away, turned and thrice shot the victim.

Nothing in the record supports that a reasonable person would have been adequately provoked by the verbal dispute to warrant a passion/provocation jury instruction. Absent evidence of adequate provocation, "passion/provocation manslaughter cannot be demonstrated," and "the trial court should withhold the charge." Mauricio, 117 N.J. at 411-12. As such, counsel was not ineffective for failing to request the instruction.

Likewise, the proofs adduced at trial failed to warrant an intoxication jury instruction. Notwithstanding defendant's claim that the witnesses' testimony demonstrated his alcohol consumption and drug use on the night of and months leading up to the shooting, the trial proofs did not establish

> a showing of such a great prostration of the faculties that the requisite mental state was totally lacking. That is, to successfully invoke the defense, an accused must show that he was so intoxicated that he did not have the

> intent to commit an offense. Such a state of affairs will likely exist in very few cases.
>
> [State v. Cameron, 104 N.J. 42, 54 (1986) (quoting State v. Stasio, 78 N.J. 467, 495 (1979) (Pashman, J., concurring and dissenting)).]

Defendant called the diner twice before going there to ascertain if the victim was still working; drove to the diner and interacted with the diner manager, helping him carry a bread delivery; and followed the victim around the diner as she worked. Moreover, he turned and fired three shots at the victim, hitting her each time. He, thereafter, fled the scene in his car, driving to Linden where he secreted the gun in an acquaintance's kitchen cabinet. He also called three other women after the shooting and disclosed to one that he "shot that bitch twice in the face"; to another, "I shot her. I fucked up"; and left a voicemail to the third which she described as "something along the lines of he wasn't playing, he used the words[,] 'I shot the B in the head[.]'"

The countering evidence, besides defendant's substance abuse leading up to the night of the shooting, was that the diner manager served defendant one drink after he arrived and several witnesses, two of which only talked to defendant on the phone, who said he appeared intoxicated that night. The Court in Mauricio

discussed six factors that are relevant to the issue [of intoxication]: "the quantity of intoxicant consumed, the period of time involved, the actor's conduct as perceived by others (what he said, how he said it, how he appeared, how he acted, how his coordination or lack thereof manifested itself), any odor of alcohol or other intoxicating substance, results of any test to determine blood-alcohol content, and the actor's ability to recall significant events."

[117 N.J. at 419 (quoting <u>Cameron</u>, 104 N.J. at 56).]

In that none of the witnesses testified as to the amount of alcohol or drugs defendant consumed prior to the shooting, save for the single drink at the diner, and no evidence was proffered as to any tests related to defendant's intoxication, the evidence relating to defendant's actions before, during and after the shooting, including his ability to recount to the three females what he did, effectively negated that defendant's faculties were so prostrated that he could not form the requisite mental state for the crimes with which he was charged. Again, trial counsel was not ineffective for failing to request an intoxication instruction.

We reject defendant's arguments that trial counsel was ineffective for failing to engage a ballistics expert and calling additional witnesses for the same basic reason. Defendant has not submitted a proffer of what a defense ballistics expert would have opined, nor what any defense witness would have said. A "defendant must allege specific facts and evidence supporting his allegations,"

8

State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel," State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). It is incumbent upon defendant to assert what any witness's testimony "would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also Porter, 216 N.J. at 356-57 (reaffirming these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing). In other words, a defendant must identify what any expert or witness would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65.

Defendant has not retained a ballistics expert. Thus there is no support for his bald assertion that "the position and the location" of the spent shell casings found at the shooting scene "were critical to the determination of where the shots were fired and how far away the shooter was," or that "[t]he gunpowder residue was also critical because it would also determine how close the shooter was to the victim." Nor has defendant submitted a sworn statement containing

the proffered testimony of any witness not called at trial. His bald assertions do not establish a prima facie case of trial counsel's ineffectiveness.

Defendant's argument that trial counsel was ineffective for failing to move to sever the possession of a handgun for an unlawful purpose and unlawful possession of a handgun from the attempted murder charge is meritless. The attempted murder was committed with the gun possessed by defendant, and the attempted murder was his unlawful purpose. They were not other crimes that should have been severed; they were crimes that were part of the same transactional event. As such all three counts were properly joined under Rule 3:7-6 which provides, in part: "Two or more offenses may be charged in the same indictment . . . in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act[.]" As such, defendant cannot show that a severance motion would have been successful if filed. See State v. Fisher, 156 N.J. 494, 501 (1998).

Defendant argues that counsel was ineffective for failing to move to sever the count alleging possession of cocaine—found in the apartment where defendant was arrested just after the shooting and where the gun was found. We disagree. The woman to whose apartment defendant fled after the shooting testified defendant brought the cocaine with him, placed it on her table when he

walked in, and that they both used it that morning. Although not related to the shooting, defense counsel marshalled that evidence and other trial testimony, and argued in summation that "in the months leading up to [the shooting] there was a descent and that [defendant] is getting deeper into drugs and alcohol. Now, that doesn't justify anything. I'm not suggesting that it does. But that is one factor to consider when you look at everything." Counsel recounted testimony that defendant was under the influence on the night of the shooting, including the testimony of one of the victim's coworkers that defendant was "high" on something other than alcohol on the night of the shooting, describing his eyes as "bloodshot, discolored, and that the pupils were dilated[.]" Counsel reiterated to the jury, "Again, not a justification for anything, but just one factor that you can consider in all of this. That one factor, was among those that trial counsel argued negated defendant's intent to kill the victim.

The cocaine charge advanced that trial strategy. The fact that it was unsuccessful does not render trial counsel ineffective. State v. Bey, 161 N.J. 233, 251 (1999). "Mere improvident strategy, bad tactics or mistake do not amount to ineffective assistance of counsel unless, taken as a whole, the trial was a mockery of justice." State v. Bonet, 132 N.J. Super. 186, 191 (App. Div. 1975). Inclusion of a simple possession of CDS count in an effort to win an

11

acquittal on an attempted murder charge at trial certainly does not rise to that level.

We determine defendant's remaining arguments to be without sufficient merit to warrant discussion here.  R. 2:11-3(e)(2).  We add only the following comments.  Trial counsel could not negotiate a better plea with the State which, as it stated in its merits brief, was convinced of the strength of its case, and "was simply not inclined to offer defendant anything other than the maximum sentence in return for his guilty plea."  Trial counsel's "failure" to tell the jury of its ability to consider lesser-included offenses to the attempted murder was not ineffective assistance because even if he had informed the jury, his comments would have been countermanded by the trial judge's overarching instruction to the jury that it was to consider those lesser-included offenses sequentially.  Thus defendant suffered no prejudice from defense counsel's purported failure; the jury is presumed to have followed the court's instructions. State v. Miller, 205 N.J. 109, 126 (2011) ("We presume that the jury faithfully followed [the court's] instruction[s.]").  Defendant's argument that counsel's failure to request a mistrial or curative instruction when a paramedic testified he was dispatched to the scene of the shooting on a call "for a medical emergency and it was listed as an assault, a sexual assault," skews that testimony by

omitting the explanation that dispatchers "categorize [the call] real quick and easy like that," and that they do not distinguish between the type of assaults in the dispatch. Nothing in the record supports defendant's bald conclusion that defendant was prejudiced by the brief, explained remark or by counsel's failure to respond to that testimony, especially since there was nothing presented during the extended trial that otherwise mentioned a sexual assault. And, there was no ground for any other meritorious argument appellate counsel could have made. See State v. Worlock, 117 N.J. 596, 625 (1990) (holding "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel").

Finally, we see no merit in defendant's argument that the PCR court's denial of an evidentiary hearing was error. Defendant did not present a prima facie case in support of his PCR application by demonstrating "the reasonable likelihood of succeeding under the test set forth in" Strickland, to warrant an evidentiary hearing. State v. Preciose, 129 N.J. 451, 463 (1992); R. 3:22-10(b). "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Defendant failed to meet that threshold. See Preciose, 129 N.J. at 463; R. 3:22-10(b). And he has certainly failed to show

13

any prejudice from counsel's alleged ineffective assistance. Furthermore, an evidentiary hearing cannot be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, an evidentiary hearing was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1878-18T1